UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:

| | |
|---|---|
| Wayne Eugene Babb,<br>Debtor. | Chapter 7<br>Bankruptcy No. 07-02182 S |
| American National Bank,<br>Plaintiff, | |
| vs. | Adv. No. 08-09022 |
| Wayne Eugene Babb,<br>Defendant. | |

RULING: MOTION FOR RELIEF FROM JUDGMENT

Defendant Wayne Babb asks for relief from the judgment entered against him on September 3, 2009 (Judgment, doc. 32). He orally asks also that plaintiff's complaint then be dismissed. His request was filed January 26, 2010 (doc. 37).

American National Bank ("Bank") filed a complaint against Babb asking that its claim be reduced to judgment and that it be excepted from Babb's discharge. Trial was held July 17, 2009. Babb did not attend the trial because he lacked money to pay his travel expenses. The Bank offered its evidence. On September 3, 2009, the court issued a Memorandum Decision finding that Babb had defrauded the Bank through the use of a false loan application which constituted a financial statement. Judgment was entered in the Bank's favor against

Babb in the amount of $11,344.95, and the judgment was excepted from Babb's discharge under 11 U.S.C. § 523(a)(2)(B).

Babb now contends that the Bank's only trial witness, loan officer Steve Rippke, lied under oath during the trial. Rippke testified that at the time of Babb's loan application, Babb had failed to disclose that he had applied for a loan with another lender in the amount of $37,800.00 in order to purchase a fifth wheel trailer. The loan for the trailer closed prior to the closing of the loan from the Bank.

Rippke also testified that during the loan application process, Babb did not tell him that he intended to move to Texas. Babb had applied to the Bank for a loan to purchase a Ford F-250 pickup truck. He intended to use the pickup to pull the trailer to Texas, where he planned to retire.

The court found Babb’s failure to inform the Bank of the pending loan for the trailer essential to its decision in favor of the Bank. Although not part of the loan application, the court found that the failure to tell the Bank about the planned move to Texas was relevant to Babb's fraudulent intent.

Therefore, if the court were to find that Rippke lied under oath on these two matters, it would warrant the court's setting aside the judgment on the ground of

fraud. Fed.R.Civ.P. 60(b)(3), as made applicable by Fed.R.Bankr.P. 9024.[1] The burden of proof is on Babb; he "must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented [him] from fully and fairly presenting his case." Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998).

The evidence on the issue of whether Rippke knew prior to closing the loan that Babb was borrowing $37,800.00 from another lender and whether he knew that Babb intended to move to Texas is in equipoise. Rippke testified under oath that he was not told. Babb testified at the hearing on the motion for relief that he told Rippke about the trailer purchase and the move to Texas, both in a phone conversation and at the later closing of the loan. Although Babb's version is supported by the hearing testimony of Brandy Brooks, I find she is a biased witness. As Babb's close friend, she would support his testimony, and, as a co-obligor on the loan, she too claims to have been injured by the Bank's actions in the collection of the loan.

The court finds the testimony to be of equal weight. Either side may be telling the truth. Because Babb must show by clear and convincing evidence that

1 Babb raised other factual disputes or arguments as to the court's finding, but the court did not consider the factual issues determinative of its decision. These included disputes as to the dates of certain of the events, and allegations of the Bank's fault in the delay in noting its lien on the pickup's title and its negligence in the resale of the pickup.

Rippke misrepresented the facts, the court concludes that he cannot prevail on his motion.

IT IS ORDERED that separate judgment shall enter that the motion for relief from judgment is denied.

IT IS FURTHER ORDERED that the clerk, when mailing this decision to Babb, shall also mail to him copies of Federal Rules of Bankruptcy Procedure 8001-8020 and 9006.

DATED AND ENTERED:
July 19, 2010

William L. Edmonds, Bankruptcy Judge

# PART VIII

## APPEALS TO DISTRICT COURT OR BANKRUPTCY APPELLATE PANEL

Rule
8001. Manner of Taking Appeal; Voluntary Dismissal; Certification to Court of Appeals
8002. Time for Filing Notice of Appeal
8003. Leave to Appeal
8004. Service of the Notice of Appeal
8005. Stay Pending Appeal
8006. Record and Issues on Appeal
8007. Completion and Transmission of the Record; Docketing of the Appeal
8008. Filing and Service
8009. Briefs and Appendix; Filing and Service
8010. Form of Briefs; Length
8011. Motions
8012. Oral Argument
8013. Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact
8014. Costs
8015. Motion for Rehearing
8016. Duties of Clerk of District Court and Bankruptcy Appellate Panel
8017. Stay of Judgment of District Court or Bankruptcy Appellate Panel
8018. Rules by Circuit Councils and District Courts; Procedure When There is No Controlling Law
8019. Suspension of Rules in Part VIII
8020. Damages and Costs for Frivolous Appeal

---

### Rule 8001. Manner of Taking Appeal; Voluntary Dismissal; Certification to Court of Appeals

**(a) APPEAL AS OF RIGHT; HOW TAKEN.** An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

**(b) APPEAL BY LEAVE; HOW TAKEN.** An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

**(c) VOLUNTARY DISMISSAL.**

(1) Before Docketing. If an appeal has not been docketed, the appeal may be dismissed by the bankruptcy judge on the filing of a stipulation for dismissal signed by all the parties, or on motion and notice by the appellant.

(2) After Docketing. If an appeal has been docketed and the parties to the appeal sign and file with the clerk of the district court or the clerk of the bankruptcy appellate panel an agreement that the appeal be dismissed and pay any court costs or fees that may be due, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter an order dismissing the appeal. An appeal may also be dismissed on motion of the appellant on terms and conditions fixed by the district court or bankruptcy appellate panel.

**(d)** [Abrogated]

**(e) ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT INSTEAD OF BANKRUPTCY APPELLATE PANEL; WITHDRAWAL OF ELECTION.**

(1) Separate writing for Election. An election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1).

(2) Withdrawal of Election. A request to withdraw the election may be filed only by written stipulation of all the parties to the appeal or their attorneys of record. Upon such a stipulation, the district court may either transfer the appeal to the bankruptcy appellate panel or retain the appeal in the district court.

**(f) CERTIFICATION FOR DIRECT APPEAL TO COURT OF APPEALS.**

(1) Timely Appeal Required. A certification of a judgment, order, or decree of a bankruptcy court to a court of appeals under 28 U.S.C. § 158(d)(2) shall not be effective until a timely appeal has been taken in the manner required by subdivisions (a) or (b) of this rule and the notice of appeal has become effective under Rule 8002.

(2) Court Where Certification Made and Filed. A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

(A) Certification by Court on Request or Court's Own Initiative.

(i) Before Docketing or Grant of Leave to Appeal. Only a bankruptcy court may make a certification on request or on its own initiative while the matter is pending in the bankruptcy court.

(ii) After Docketing or Grant of Leave to Appeal. Only the district court or bankruptcy appellate panel involved may make a certification on request of the parties or on its own initiative while the matter is pending in the district court or bankruptcy appellate panel.

(B) Certification by All Appellants and Appellees Acting Jointly. A certification by all the appellants and appellees, if any, acting jointly may be made by filing the appropriate Official Form with the clerk of the court in which the matter is pending. The certification may be accompanied by a short statement of the basis for the certification, which may include the information listed in subdivision (f)(3)(C) of this rule.

(3) Request for Certification; Filing; Service; Contents.

(A) A request for certification shall be filed, within the time specified by 28 U.S.C. § 158(d)(2), with the clerk of the court in which the matter is pending.

(B) Notice of the filing of a request for certification shall be served in the manner required for service of a notice of appeal under Rule 8004.

(C) A request for cert
(i) the facts necess
(ii) the question it
(iii) the relief soug
(iv) the reasons w
rule, including wh
exists; and
(v) an attached co
lated opinion or m
(D) A party may file a
~~10 days~~ *14 days* after
court.
(E) Rule 9014 does n
shall be submitted wi
(F) A certification of
rate document served
(4) Certification on Cou
(A) A certification
§ 158(d)(2) shall be
ner required for servi
be accompanied by
required by subdivisi
(B) A party may file
within ~~10 days~~ *14 da*
(5) Duties of Parties Af
dance with F. R. App. F
become effective as prov

**General Reference:** 28 USC § 15

**West's Key Number Digest,** Ban

**Rule 8002. Time for F**

(a) ~~TEN-DAY~~ *FOURTEE*
clerk within ~~10 days~~ *14 da*
pealed from. If a timely no
tice of appeal within ~~10 da~~
filed, or within the time oth
notice of appeal filed after t
judgment, order, or decree
If a notice of appeal is mis
panel, the clerk of the dist
note thereon the date on w
deemed filed with the clerk

**(b) EFFECT OF MOTIO**
tion of a type specified imm
entry of the order disposing
a timely motion:
(1) to amend or make ad
ing the motion would alt
(2) to alter or amend the
(3) for a new trial under
(4) for relief under Rule
the entry of judgment.

 (C) A request for certification shall include the following:

(i) the facts necessary to understand the question presented;

(ii) the question itself;

(iii) the relief sought;

(iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and

(v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum.

(D) A party may file a response to a request for certification or a cross request within ~~10 days~~ *14 days* after the notice of the request is served, or another time fixed by the court.

(E) Rule 9014 does not govern a request, cross request, or any response. The matter shall be submitted without oral argument unless the court otherwise directs.

(F) A certification of an appeal under 28 U.S.C. § 158(d)(2) shall be made in a separate document served on the parties.

(4) Certification on Court's Own Initiative.

(A) A certification of an appeal on the court's own initiative under 28 U.S.C. § 158(d)(2) shall be made in a separate document served on the parties in the manner required for service of a notice of appeal under Rule 8004. The certification shall be accompanied by an opinion or memorandum that contains the information required by subdivision (f)(3)(C)(i)-(iv) of this rule.

(B) A party may file a supplementary short statement of the basis for certification within ~~10 days~~ *14 days* after the certification.

(5) Duties of Parties After Certification. A petition for permission to appeal in accordance with F. R. App. P. 5 shall be filed no later than 30 days after a certification has become effective as provided in subdivision (f)(1).

**General Reference:** 28 USC § 158

**West's Key Number Digest,** Bankruptcy ⚷ 3771-3775, 3777-3778

## Rule 8002. Time for Filing Notice of Appeal

(a) ~~**TEN-DAY**~~ ***FOURTEEN-DAY*** **PERIOD.** The notice of appeal shall be filed with the clerk within ~~10 days~~ *14 days* of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ~~10 days~~ *14 days* of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

**(b) EFFECT OF MOTION ON TIME FOR APPEAL.** If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) to alter or amend the judgment under Rule 9023;

(3) for a new trial under Rule 9023; or

(4) for relief under Rule 9024 if the motion is filed no later than ~~10 days~~ *14 days* after the entry of judgment.

A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

**(c) EXTENSION OF TIME FOR APPEAL.**

(1) The bankruptcy judge may extend the time for filing the notice of appeal by any party, unless the judgment, order, or decree appealed from:

(A) grants relief from an automatic stay under § 362, § 922, § 1201, or § 1301;

(B) authorizes the sale or lease of property or the use of cash collateral under § 363;

(C) authorizes the obtaining of credit under § 364;

(D) authorizes the assumption or assignment of an executory contract or unexpired lease under § 365;

(E) approves a disclosure statement under § 1125; or

(F) confirms a plan under § 943, § 1129, § 1225, or § 1325 of the Code.

(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than ~~20 days~~ *21 days* after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed ~~20 days~~ *21 days* from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or ~~10 days~~ *14 days* from the date of entry of the order granting the motion, whichever is later.

**Rule References:** 9006(b)(3), 9006(c)(2)

**West's Key Number Digest,** Bankruptcy ⚷ 3774.1-3775

## Rule 8003. Leave to Appeal

**(a) CONTENT OF MOTION; ANSWER.** A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within ~~10 days~~ *14 days* after service of the motion, an adverse party may file with the clerk an answer in opposition.

**(b) TRANSMITTAL; DETERMINATION OF MOTION.** The clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired. The motion and answer shall be submitted without oral argument unless otherwise ordered.

**(c) APPEAL IMPROPERLY TAKEN REGARDED AS A MOTION FOR LEAVE TO APPEAL.** If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within ~~10 days~~ *14 days* of entry of the order.

**(d) REQUIREMENT**
U.S.C. § 158(a) and ha
court of appeals under
for leave to appeal.

**West's Key Number Digest,**

**Rule 8004. Service**

The clerk shall serve nc
counsel of record of ea
counsel, to the party's l
ity of the appeal. The c
tice of appeal and shal
mailed and the date of t
trustee a copy of the not
validity of the appeal.

**West's Key Number Digest,**

**Rule 8005. Stay Pe**

A motion for a stay of t
of a supersedeas bond,
the bankruptcy judge ir
power of the district cc
bankruptcy judge may s
under the Code or make
such terms as will prote
for modification or term
the district court or the
relief, modification, or
district court or the bank
rule on the filing of a bc
an appeal is taken by a
when an appeal is taken
of any department of th
not be required.

**West's Key Number Digest,**

**Rule 8006. Record**

Within ~~10 days~~ *14 days*
of an order granting lea
tion outstanding of a typ
file with the clerk and se
record on appeal and a s
ter the service of the app
a designation of addition
has filed a cross appeal,
the issues to be presente
included in the record.
cross appellant's staten
ditional items to be inclu
designated by the partie

**(d) REQUIREMENT OF LEAVE TO APPEAL.** If leave to appeal is required by 28 U.S.C. § 158(a) and has not earlier been granted, the authorization of a direct appeal by a court of appeals under 28 U.S.C. § 158(d)(2) shall be deemed to satisfy the requirement for leave to appeal.

**West's Key Number Digest,** Bankruptcy ⚷ 3772

## Rule 8004. Service of the Notice of Appeal

The clerk shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant or, if a party is not represented by counsel, to the party's last known address. Failure to serve notice shall not affect the validity of the appeal. The clerk shall note on each copy served the date of the filing of the notice of appeal and shall note in the docket the names of the parties to whom copies are mailed and the date of the mailing. The clerk shall forthwith transmit to the United States trustee a copy of the notice of appeal, but failure to transmit such notice shall not affect the validity of the appeal.

**West's Key Number Digest,** Bankruptcy ⚷ 3774.1

## Rule 8005. Stay Pending Appeal

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

**West's Key Number Digest,** Bankruptcy ⚷ 3776.5(1)-3776.5

## Rule 8006. Record and Issues on Appeal

Within ~~10 days~~ *14 days* after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within ~~10 days~~ *14 days* after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within ~~10 days~~ *14 days* of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed

from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a party thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

**West's Key Number Digest,** Bankruptcy ⚷ 3777

### Rule 8007. Completion and Transmission of the Record; Docketing of the Appeal

**(a) DUTY OF REPORTER TO PREPARE AND FILE TRANSCRIPT.** On receipt of a request for a transcript, the reporter shall acknowledge on the request the date it was received and the date on which the reporter expects to have the transcript completed and shall transmit the request, so endorsed, to the clerk or the clerk of the bankruptcy appellate panel. On completion of the transcript the reporter shall file it with the clerk and, if appropriate, notify the clerk of the bankruptcy appellate panel. If the transcript cannot be completed within 30 days of receipt of the request the reporter shall seek an extension of time from the clerk or the clerk of the bankruptcy appellate panel and the action of the clerk shall be entered in the docket and the parties notified. If the reporter does not file the transcript within the time allowed, the clerk or the clerk of the bankruptcy appellate panel shall notify the bankruptcy judge.

**(b) DUTY OF CLERK TO TRANSMIT COPY OF RECORD; DOCKETING OF APPEAL.** When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed. If the bankruptcy appellate panel directs that additional copies of the record be furnished, the clerk of the bankruptcy appellate panel shall notify the appellant and, if the appellant fails to provide the copies, the clerk shall prepare the copies at the expense of the appellant.

**(c) RECORD FOR PRELIMINARY HEARING.** If prior to the time the record is transmitted a party moves in the district court or before the bankruptcy appellate panel for dismissal, for a stay pending appeal, for additional security on the bond on appeal or on a supersedeas bond, or for any intermediate order, the clerk at the request of any party to the appeal shall transmit to the clerk of the district court or the clerk of the bankruptcy appellate panel a copy of the parts of the record as any party to the appeal shall designate.

**West's Key Number Digest,** Bankruptcy ⚷ 3777

### Rule 8008. Filing and Service

**(a) FILING.** Papers required or permitted to be filed with the clerk of the district court or the clerk of the bankruptcy appellate panel may be filed by mail addressed to the clerk, but filing is not timely unless the papers are received by the clerk within the time fixed for filing, except that briefs are deemed filed on the day of mailing. An original and one copy of all papers shall be filed when an appeal is to the district court; an original and three copies shall be filed when an appeal is to a bankruptcy appellate panel. The district court or bankruptcy appellate panel may require that additional copies be furnished. Rule 5005(a)(2) applies to papers filed with the clerk of the district court or the clerk of the bankruptcy ap-

pellate panel if filing
to Rule 8018.

**(b) SERVICE OF A**
and not required by tl
the bankruptcy appell
or a person acting fc
represented by couns

**(c) MANNER OF S**
includes delivery of tl
Service by mail is cor

**(d) PROOF OF SER**
of service by the pers
and manner of service
made service. The cle
may permit papers to l
the acknowledgment c

**West's Key Number Dige**

### Rule 8009. Briefs

**(a) BRIEFS.** Unless tl
order excuses the filin
(1) The appellant s
appeal on the dock
(2) The appellee sh
brief of appellant. I
contain the issues a
the response to the l
(3) The appellant m
of the brief of the ap
and serve a reply b
cross appeal within
further briefs may b
pellate panel.

**(b) APPENDIX TO E**
lant shall serve and fil
which shall include the
(1) The complaint a
(2) Any pretrial ord
(3) The judgment, o
(4) Any other orders
(5) The opinion, fin
court and citations o
(6) Any motion and
(7) The notice of ap
(8) The relevant entr
(9) The transcript or
panel.

An appellee may also s
included by the appella

**West's Key Number Digest,**

pellate panel if filing by electronic means is authorized by local rule promulgated pursuant to Rule 8018.

**(b) SERVICE OF ALL PAPERS REQUIRED.** Copies of all papers filed by any party and not required by these rules to be served by the clerk of the district court or the clerk of the bankruptcy appellate panel shall, at or before the time of filing, be served by the party or a person acting for the party on all other parties to the appeal. Service on a party represented by counsel shall be made on counsel.

**(c) MANNER OF SERVICE.** Service may be personal or by mail. Personal service includes delivery of the copy to a clerk or other responsible person at the office of counsel. Service by mail is complete on mailing.

**(d) PROOF OF SERVICE.** Papers presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. The clerk of the district court or the clerk of the bankruptcy appellate panel may permit papers to be filed without acknowledgment or proof of service but shall require the acknowledgment or proof of service to be filed promptly thereafter.

**West's Key Number Digest,** Bankruptcy ⚷ 3773-3774.1

## Rule 8009. Briefs and Appendix; Filing and Service

**(a) BRIEFS.** Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within ~~15 days~~ *14 days* after entry of the appeal on the docket pursuant to Rule 8007.

(2) The appellee shall serve and file a brief within ~~15 days~~ *14 days* after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.

(3) The appellant may serve and file a reply brief within ~~10 days~~ *14 days* after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within ~~10 days~~ *14 days* after service of the reply brief of the appellant. No further briefs may be filed except with leave of the district court or the bankruptcy appellate panel.

**(b) APPENDIX TO BRIEF.** If the appeal is to a bankruptcy appellate panel, the appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:

(1) The complaint and answer or other equivalent pleadings;

(2) Any pretrial order;

(3) The judgment, order, or decree from which the appeal is taken;

(4) Any other orders relevant to the appeal;

(5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;

(6) Any motion and response on which the court rendered decision;

(7) The notice of appeal;

(8) The relevant entries in the bankruptcy docket; and

(9) The transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel.

An appellee may also serve and file an appendix which contains material required to be included by the appellant but omitted by appellant.

**West's Key Number Digest,** Bankruptcy ⚷ 3777

**Editor's note:** The amendment to Fed. R. Bankr. P. 8009 that took effect on December 1, 2009, resulted in a reduction by one day (from 15 to 14 days) of the time to take action. The Advisory Committee has authorized courts to consider a filing that would have been timely before December 1, 2009, to be considered timely under the time-computation amendment for the six-month transition period after December 1, 2009. During this six-month period, a filing that was timely under the prior rule but late under the amended rule is to be treated as the product of "excusable neglect" within the Rule 9006(b)(1) provision authorizing an enlargement of time requested after the deadline has expired.

## Rule 8010. Form of Briefs; Length

**(a) FORM OF BRIEFS.** Unless the district court or the bankruptcy appellate panel by local rule otherwise provides, the form of brief shall be as follows:

(1) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.

(B) A statement of the basis of appellate jurisdiction.

(C) A statement of the issues presented and the applicable standard of appellate review.

(D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.

(E) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.

(F) A short conclusion stating the precise relief sought.

(2) Brief of the appellee. The brief of the appellee shall conform to the requirements of paragraph (1)(A)–(E) of this subdivision, except that a statement of the basis of appellate jurisdiction, of the issues, or of the case need not be made unless the appellee is dissatisfied with the statement of the appellant.

**(b) REPRODUCTION OF STATUTES, RULES, REGULATIONS, OR SIMILAR MATERIAL.** If determination of the issues presented requires reference to the Code or other statutes, rules, regulations, or similar material, relevant parts thereof shall be reproduced in the brief or in an addendum or they may be supplied to the court in pamphlet form.

**(c) LENGTH OF BRIEFS.** Unless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, and reply briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, or similar material.

**West's Key Number Digest,** Bankruptcy ⚷ 3777

## Rule 8011. Motions

**(a) CONTENT OF MOTIONS; RESPONSE; REPLY.** A request for an order or other relief shall be made by filing with the clerk of the district court or the clerk of the bankruptcy appellate panel a motion for such order or relief with proof of service on all other parties to the appeal. The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought. If a motion is supported by briefs, affidavits or other papers, they shall be served and filed with

the motion. Any party ma
procedural order within se
bankruptcy appellate pane

**(b) DETERMINATION**
standing subdivision (a) o
under Rule 9006, may be
without hearing. Any part
tion, vacation, or modifica

**(c) DETERMINATION**
argument unless the court
relief may be denied if not

**(d) EMERGENCY MOT**
tion on the ground that, to
normally be required for
consider a response, the w
tion shall be accompanied
motion shall state whether
bankruptcy judge and, if a
not be remanded to the ba
office addresses and telep
served pursuant to Rule 8
practicable effort to notify
The affidavit accompanyi
was notified or if opposing

**(e) POWER OF A SING**
a bankruptcy appellate pa
rules may properly be so
otherwise decide an appea
may be reviewed by the pa

**West's Key Number Digest,** Ba

## Rule 8012. Oral Arg

Oral argument shall be all
bankruptcy appellate pane
record, or appendix to the
opportunity to file a state
allowed.

Oral argument will not be
set of issues has been rece
are adequately presented i
significantly aided by oral

**West's Key Number Digest,** Ba

## Rule 8013. Dispositi Findings

On an appeal the district c
verse a bankruptcy judge's
ther proceedings. Findings

the motion. Any party may file a response in opposition to a motion other than one for a procedural order within seven days after service of the motion, but the district court or the bankruptcy appellate panel may shorten or extend the time for responding to any motion.

**(b) DETERMINATION OF MOTIONS FOR PROCEDURAL ORDERS.** Notwithstanding subdivision (a) of this rule, motions for procedural orders, including any motion under Rule 9006, may be acted on at any time, without awaiting a response thereto and without hearing. Any party adversely affected by such action may move for reconsideration, vacation, or modification of the action.

**(c) DETERMINATION OF ALL MOTIONS.** All motions will be decided without oral argument unless the court orders otherwise. A motion for a stay, or for other emergency relief may be denied if not presented promptly.

**(d) EMERGENCY MOTIONS.** Whenever a movant requests expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be required for the district court or bankruptcy appellate panel to receive and consider a response, the word "Emergency" shall precede the title of the motion. The motion shall be accompanied by an affidavit setting forth the nature of the emergency. The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration. The motion shall include the office addresses and telephone numbers of moving and opposing counsel and shall be served pursuant to Rule 8008. Prior to filing the motion, the movant shall make every practicable effort to notify opposing counsel in time for counsel to respond to the motion. The affidavit accompanying the motion shall also state when and how opposing counsel was notified or if opposing counsel was not notified why it was not practicable to do so.

**(e) POWER OF A SINGLE JUDGE TO ENTERTAIN MOTIONS.** A single judge of a bankruptcy appellate panel may grant or deny any request for relief which under these rules may properly be sought by motion, except that a single judge may not dismiss or otherwise decide an appeal or a motion for leave to appeal. The action of a single judge may be reviewed by the panel.

**West's Key Number Digest,** Bankruptcy ⚷ 3776.1

## Rule 8012. Oral Argument

Oral argument shall be allowed in all cases unless the district judge or the judges of the bankruptcy appellate panel unanimously determine after examination of the briefs and record, or appendix to the brief, that oral argument is not needed. Any party shall have an opportunity to file a statement setting forth the reason why oral argument should be allowed.

Oral argument will not be allowed if (1) the appeal is frivolous; (2) the dispositive issue or set of issues has been recently authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

**West's Key Number Digest,** Bankruptcy ⚷ 3777

## Rule 8013. Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall

not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

**West's Key Number Digest,** Bankruptcy ⚿ 3785.1-3788

## Rule 8014. Costs

Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party on an appeal. If a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court. Costs incurred in the production of copies of briefs, the appendices, and the record and in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal and the fee for filing the notice of appeal shall be taxed by the clerk as costs of the appeal in favor of the party entitled to costs under this rule.

**West's Key Number Digest,** Bankruptcy ⚿ 2189

## Rule 8015. Motion for Rehearing

Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within ~~10 days~~ *14 days* after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

**West's Key Number Digest,** Bankruptcy ⚿ 3778, 3789.1

## Rule 8016. Duties of Clerk of District Court and Bankruptcy Appellate Panel

**(a) ENTRY OF JUDGMENT.** The clerk of the district court or the clerk of the bankruptcy appellate panel shall prepare, sign and enter the judgment following receipt of the opinion of the court or the appellate panel or, if there is no opinion, following the instruction of the court or the appellate panel. The notation of a judgment in the docket constitutes entry of judgment.

**(b) NOTICE OF ORDERS OR JUDGMENTS; RETURN OF RECORD.** Immediately on the entry of a judgment or order the clerk of the district court or the clerk of the bankruptcy appellate panel shall transmit a notice of the entry to each party to the appeal, to the United States trustee, and to the clerk, together with a copy of any opinion respecting the judgment or order, and shall make a note of the transmission in the docket. Original papers transmitted as the record on appeal shall be returned to the clerk on disposition of the appeal.

**West's Key Number Digest,** Bankruptcy ⚿ 2131, 3741

## Rule 8017. Stay of Judgment of District Court or Bankruptcy Appellate Panel

**(a) AUTOMATIC STAY OF JUDGMENT ON APPEAL.** Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of ~~10 days~~ *14 days* after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel.

**(b) STAY PENDING APPEAL TO THE COURT OF APPEALS.** On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may

stay its judgment pending a
yond 30 days after the entr
late panel unless the period
entered pursuant to this sub
who obtained the stay, the s
A bond or other security m
stay of the judgment. A bo
but a bond or security shall
officer or agency thereof o
United States.

**(c) POWER OF COURT**
power of a court of appeals
of an appeal or to suspend,
an appeal or to make any o
of the judgment subsequent

**West's Key Number Digest,** Bar
Courts ⚿ 684-687

## Rule 8018. Rules by C
There is N

(a) Local Rules by Circuit
authorized bankruptcy a
courts may, acting by a r
amend rules governing p
bankruptcy judges to the
tent with—but not duplic
cal rules shall conform
Conference of the Unite
and amending rules to g
(2) A local rule imposin
causes a party to lose
requirement.

(b) Procedure When There i
judge may regulate practice
Forms, and local rules of th
vantage may be imposed f
federal rules, Official Forms
the alleged violator has be
requirement.

**West's Key Number Digest,** Ban

## Rule 8019. Suspension

In the interest of expediting
appellate panel may suspe
except Rules 8001, 8002 a
direction.

**West's Key Number Digest,** Ban

## Rule 8020. Damages a

If a district court or bankru
judgment, or decree of a ba

stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security may be required if a trustee obtains a stay but a bond or security shall not be required if a stay is obtained by the United States or an officer or agency thereof or at the direction of any department of the Government of the United States.

**(c) POWER OF COURT OF APPEALS NOT LIMITED.** This rule does not limit the power of a court of appeals or any judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

**West's Key Number Digest,** Bankruptcy 🔑 3776.5(1)-3776.5(5); Federal Civil Procedure 🔑 2700; Federal Courts 🔑 684-687

## Rule 8018. Rules by Circuit Councils and District Courts; Procedure When There is No Controlling Law

(a) Local Rules by Circuit Councils and District Courts. (1) Circuit councils which have authorized bankruptcy appellate panels pursuant to 28 U.S.C. § 158(b) and the district courts may, acting by a majority of the judges of the council or district court, make and amend rules governing practice and procedure for appeals from orders or judgments of bankruptcy judges to the respective bankruptcy appellate panel or district court consistent with—but not duplicative of—Acts of Congress and the rules of this Part VIII. Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States. Rule 83 F.R.Civ.P. governs the procedure for making and amending rules to govern appeals.

(2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

(b) Procedure When There is No Controlling Law. A bankruptcy appellate panel or district judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the circuit council or district court. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the circuit council or district court unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

**West's Key Number Digest,** Bankruptcy 🔑 2129; Courts 🔑 81-86

## Rule 8019. Suspension of Rules in Part VIII

In the interest of expediting decision or for other cause, the district court or the bankruptcy appellate panel may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002 and 8013, and may order proceedings in accordance with its direction.

**West's Key Number Digest,** Bankruptcy 🔑 2129; Courts 🔑 82

## Rule 8020. Damages and Costs for Frivolous Appeal

If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed mo-

tion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

**West's Key Number Digest,** Bankruptcy ⚷ 2187

**(c) Intervention; Final Decision on the Merits.** Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

**(d) No Forfeiture.** A party's failure to file and serve the notice, or a court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

## Rule 9006. *Computing and Extending* Time

~~**(a) COMPUTATION.** In computing any period of time prescribed or allowed by these rules, or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the court is held.~~

***(a) COMPUTING TIME.*** *The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.*

*(1) Period stated in days or a longer unit. When the period is stated in days or a longer unit of time:*

*(A) exclude the day of the event that triggers the period;*

*(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and*

*(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.*

*(2) Period stated in hours. When the period is stated in hours:*

*(A) begin counting immediately on the occurrence of the event that triggers the period;*

*(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and*

*(C) if the period would end on a Saturday, Sunday, or legal holiday, then continue the period until the same time on the next day that is not a Saturday, Sunday, or legal holiday.*

*(3) Inaccessibility of clerk's office. Unless the court orders otherwise, if the clerk's office is inaccessible:*

*(A) on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or*

*(B) during the last hour for filing under Rule 9006(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.*

*(4) "Last day" …*
*in the case, the l…*
*(A) for electro…*
*(B) for filing …*
*(5) "Next day" …*
*when the period …*
*event.*
*(6) "Legal holid…*
*(A) the day se…*
*Jr.'s Birthday,…*
*Day, Columbu…*
*(B) any day de…*
*(C) for periods…*
*by the state wh…*
*District of Colu…*

**(b) ENLARGEME…**
(1) IN GENERAL…
when an act is req…
rules or by a notic…
may at any time i…
enlarged if the req…
prescribed or as ex…
tion of the specifie…
result of excusable…
(2) ENLARGEME…
ing action under R…
(3) ENLARGEME…
time for taking act…
4007(c), 4008(a), 8…
those rules. In addi…
under Rule 1007(b…
under § 1116(3) of…
1007(c).

**(c) REDUCTION.**
(1) IN GENERAL. …
act is required or all…
notice given thereu…
discretion with or w…
(2) REDUCTION N…
action under Rules…
4003(a), 4004(a), 40…
reduce the time unde…

**(d) FOR MOTIONS—…**
heard ex parte, and noti…
before the time specifie…
or by order of the cou…
application. When a mo…
motion; and, except as o…
not later than one day b…
some other time.

**(e) TIME OF SERVIC…**
or of notice by mail is co…

*(4) "Last day" defined. Unless a different time is set by a statute, local rule, or order in the case, the last day ends:*

*(A) for electronic filing, at midnight in the court's time zone; and*

*(B) for filing by other means, when the clerk's office is scheduled to close.*

*(5) "Next day" defined. The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.*

*(6) "Legal holiday" defined. "Legal holiday" means:*

*(A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;*

*(B) any day declared a holiday by the President or Congress; and*

*(C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located. (In this rule, "state" includes the District of Columbia and any United States commonwealth or territory.)*

**(b) ENLARGEMENT.**

(1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

(3) ENLARGEMENT GOVERNED BY OTHER RULES. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).

**(c) REDUCTION.**

(1) IN GENERAL. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

(2) REDUCTION NOT PERMITTED. The court may not reduce the time for taking action under Rules 2002(a)(7), 2003(a), 3002(c), 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 4008(a), 8002, and 9033(b). In addition, the court may not reduce the time under Rule 1007(c) to file the statement required by Rule 1007(b)(7).

**(d) FOR MOTIONS—AFFIDAVITS.** A written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than ~~five days~~ *seven days* before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 9023, opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.

**(e) TIME OF SERVICE.** Service of process and service of any paper other than process or of notice by mail is complete on mailing.

**(f) ADDITIONAL TIME AFTER SERVICE BY MAIL OR UNDER RULE ~~5(b)(2)(C) or (D)~~ *5(b)(2)(D), (E), or (F)* F. R. Civ. P.** When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule ~~5(b)(2)(C) or (D)~~ *5(b)(2)(D), (E), or (F)* F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).

**(g) GRAIN STORAGE FACILITY CASES.** This rule shall not limit the court's authority under § 557 of the Code to enter orders governing procedures in cases in which the debtor is an owner or operator of a grain storage facility.

**West's Key Number Digest,** Bankruptcy ⚿ 2157, 2437, 2722, 2897.1-2900(2), 3103(1)-3103(6), 3312, 3382-1-3383, 3533.1, 3774.1; Time ⚿ 1

## Rule 9007. General Authority to Regulate Notices

When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

**Code Reference:** § 342

**Rule Reference:** 2002

**West's Key Number Digest,** Bankruptcy ⚿ 2131

## Rule 9008. Service or Notice by Publication

Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications.

**Code Reference:** § 342

**Rule Reference:** 2002(l)

**West's Key Number Digest,** Bankruptcy ⚿ 2131, 2158

## Rule 9009. Forms

Except as otherwise provided in Rule 3016(d), the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code. The forms shall be construed to be consistent with these rules and the Code.

**West's Key Number Digest,** Bankruptcy ⚿ 2129

## Rule 9010. Representation and Appearances; Powers of Attorney

**(a) AUTHORITY TO ACT PERSONALLY OR BY ATTORNEY.** A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.